```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MOISES MALOOF, Individually and on Behalf  :
of All Other Persons Similarly Situated,    :
                                            :
                                            :
                    Plaintiffs,             :
                                            :         SECOND AMENDED
                                            :         COMPLAINT AND
      -against-                             :         JURY DEMAND
                                            :
CALL-A-HEAD CORP., and                      :
CHARLES W. HOWARD, jointly and severally,   :         08 CV 2873
                                            :         (Townes, J.)(Orenstein, M.J.)
                    Defendants.             :
-----------------------------------------------------------X
```

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants for hours they worked in which they were not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*.

2.  Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are: (i) entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by New York Labor Law, and (ii) entitled to unpaid minimum wages from Defendants for hours they

worked in which they were not paid the full minimum wage as required by the New York Labor Law §§ 650 *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Moises Maloof was, at all relevant times, an adult individual, residing in Jackson Heights, New York, County of Queens.

7. Upon information and belief, Defendant Call-A-Head Corp. is a for-profit corporation, with its principal place of business at 304 Cross Bay Blvd, Broad Channel, New York, County of Queens.

8. Upon information and belief, Defendant Charles W. Howard is an individual, residing in New York State.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by

Defendants at any time since July 17, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty per workweek and who were not paid the full minimum wage for all hours worked as Defendants only paid employees for forty hours per workweek, despite employees working in excess of forty hours (the "Collective Action Members").

10. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 55 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action

Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a) whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b) what proof of hours worked is sufficient where the employers fails in their duty to maintain time records;

c) whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d) whether Defendants failed to pay the Collective Action Members full minimum wages for all hours worked, in violation of the FLSA and the regulations promulgated thereunder;

e) whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g) whether Defendants should be enjoined from such violations of the FLSA in the future.

14. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

15. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

16. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since July 17, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages or minimum wages in violation of the New York Labor Law (the "Class").

17. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 55 members of

Class during the Class Period.

18. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

19. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

21. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

22. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a) whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c) whether Defendants failed and/or refused to pay the members of the Class

minimum wages for all hours worked within the meaning of the New York Labor Law;

whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek and more than ten hours a day within the meaning of the New York Labor Law;

     d) whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

     e) whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

23.    At all relevant times, Defendants maintained and operated a portable toilet delivery and sanitation business.

24.    Starting in or about January 2008 until in or about May 2008, Plaintiff was employed as a cleaner of portable toilets on a route designated by Defendants.

25.    Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

26.    The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

27.    Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his

regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law. In addition, Plaintiff was not compensated at all for any hours worked over forty.

28. Plaintiff was employed by the Defendants from in or about January 2008 until in or about May 2008. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

29. Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

30. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF:
## <u>FAIR LABOR STANDARDS ACT</u>

31.     Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

34.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

35.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

36.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

37.     At all relevant times, the Defendants have a policy and practice of refusing to pay full minimum wages to its employees for all their hours worked over forty during their workweek.

38.     As a result of the Defendants' willful failure to compensate their

employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. As a result of the Defendants' failure to properly record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

41. Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime compensation, unpaid minimum wages, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**NEW YORK LABOR LAW**

42. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 41 as if they were set forth again herein.

43. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

45. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, unpaid minimum wages, unpaid spread of hours, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b) Designation of this action as a collective action on behalf of the Collective

Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

      c)       A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

      d)       An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

An award of unpaid overtime compensation and unpaid minimum wages due under the FLSA and the New York Labor Law;

      e)       An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

      f)       An award of prejudgment and postjudgment interest;

      g)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      h)       Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 7, 2009

By: _____/S_____
Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
11 East Broadway, Suite 9C
New York, N.Y. 10011
Tel: 212-229-2249
Fax: 212-229-2246
E-Mail: jazeller@zellerlegal.com